Case 5:25-sw-00188-MJK   Document 4   Filed 08/18/25   Page 1 of 7
Case 5:25-sw-00188-MJK   Document 3   Filed 08/08/25   Page 1 of 7
Original                    Duplicate Original
AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>(B) A TCL CELLULAR TELEPHONE SEIZED FROM THE PERSON OF DAVID PASTORELLO ON JULY 29, 2025, FURTHER DESCRIBED IN ATTACHMENT A-2 | Case No.  5:25-sw-188 (MJK)<br><br>USAO No.  2025R00588 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the Northern District of New York
*(identify the person or describe the property to be searched and give its location)*:
  (B) A TCL CELLULAR TELEPHONE SEIZED FROM THE PERSON OF DAVID PASTORELLO ON JULY 29, 2025, FURTHER DESCRIBED IN ATTACHMENT A-2.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
  See Attachment B-2.

**YOU ARE COMMANDED** to execute this warrant on or before August 22, 2025 *(not to exceed 14 days)*
  ☒ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.
  The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  Hon. Mitchell J. Katz.
*(United States Magistrate Judge)*

  ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

| | |
|---|---|
| Date issued:  August 8th, 2025 | *signature* Digitally signed by Mitchell J Katz<br>Date: 2025.08.08 15:50:48 -04'00' |
| Time issued: _____ | *Judge's signature* |
| City and State:  Syracuse, NY | Hon. Mitchell J. Katz, U.S. Magistrate Judge<br>*Printed name and title* |

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

Case 5:25-sw-00188-MJK   Document 4   Filed 08/18/25   Page 2 of 7
Case 5:25-sw-00188-MJK   Document 3   Filed 08/08/25   Page 2 of 7

# Return

| Case No.: 5:25-sw-188 (MJK) | Date and time warrant executed: 8/18/25 8:45 am | Copy of warrant and inventory left with: N/A |

Inventory made in the presence of : SA Dominick Carty

Inventory of the property taken and name(s) of any person(s) seized:

On 8/18/25 at 8:45 a.m. a device unlock was attempted via Cellebrite but was unsuccessful. An advanced logical extraction was attempted but was also unsuccessful. Both attempts were conducted by FBI SA Dominick Carty. The cell phone will be sent to FBI CART for extraction.

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 8/18/25

_Executing officer's signature_

Jenelle Jankowicz, FBI Special Agent
_Printed name and title_

## ATTACHMENT A-2

### Property to Be Searched

This warrant applies to the following electronic devices, to include any attached computer or electronic storage media including SD cards, which is currently possessed by the Federal Bureau of Investigation ("FBI") at 200 McCarty Ave., Albany, New York.

- One (1) TCL cell phone, IMEI 016500004699782, seized from David Pastorello's person on July 29, 2025.



26

## ATTACHMENT B-2

### Particular Things to be Seized

Items of evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. §§ 2422(b) (enticement of a minor), and 2252A(a)(2)(A) and 2252A(a)(5)(B) (distributing and possessing child pornography)):

**Computers and Electronic Media**

1. The authorization includes the search of electronic data to include deleted data, remnant data and slack space. The seizure and search of computers and electronic media will be conducted in accordance with the affidavit submitted in support of this warrant.

2. Computer hardware, meaning any and all computer equipment, including any electronic storing devices that are capable of collecting, analyzing, creating, displaying, converting, storing, concealing, or transmitting electronic, magnetic, optical, or similar computer impulses or data. Included within the definition of computer hardware is any data processing hardware (such as central processing units and self-contained laptop or notebook computers); internal and peripheral storage devices (such as thumb drives, flash drives, SD (secure digital) cards, fixed disks, external and internal hard drives and disks, floppy disk drives and diskettes, tape drives and tapes, optical and compact storage devices, and other memory storage devices); peripheral input/output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); related communications devices (such as modems, cables and connections, recording equipment, RAM and ROM units, acoustic couplers, automatic dialers, speed dialers, programmable telephone dialing, or signaling devices, and electronic tone generating devices); and any devices, mechanisms, or parts that can be used to restrict access to such hardware (such as physical keys and locks).

3. Computer software, meaning any and all data, information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components. Computer software may also include data, data fragments, or control characters integral to the operation of computer software, such as operating systems, software, application software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

4. Computer-related documentation, meaning any written, recorded, printed, or electronically stored material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

5. Computer passwords and data security devices, meaning any devices, programs, or data, whether themselves in the nature of hardware or software, that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware,

27

computer software, computer related documentation, or electronic data records. Such items include, but are not limited to, data security hardware (such as encryption devices, chips and circuit boards); passwords; data security software or information (such as test keys and encryption codes); and similar information that is required to access computer programs or data, or to otherwise render programs or data into usable form.

6. Any computer or electronic records, documents and materials referencing or relating to the above-described offenses. Such records, documents or materials, as well as their drafts or modifications, may have been created or stored in various formats, including, but not limited to, any hand-made form (such as writing or marking with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negatives, video tapes, motion pictures, or photocopies); any mechanical form (such as photographic records, printing or typing); any electrical, electronic or magnetic form (such as tape recordings, cassettes, compact disks); or any information on any electronic or magnetic storage device (such as thumb drives, flash drives, SD (secure digital) cards, floppy diskettes, hard disks, CD-ROMs, DVDs, optical disks, printer buffers, soft cards, memory calculators, electronic dialers, or electronic notebooks), as well as printouts or readouts from any magnetic storage device.

7. Any electronic information or data, stored in any form, which has been used or prepared for use either for periodic or random backup (whether deliberate, inadvertent, or automatically or manually initiated), or any computer or computer system. The form that such information might take includes, but is not limited to, thumb drives, flash drives, floppy diskettes, fixed hard disks, removable hard disk cartridges, tapes, laser disks, CD-ROM disks, DVDs, video cassettes, and other media capable of storing magnetic or optical coding.

8. Any electronic storage device capable of collecting, storing, maintaining, retrieving, concealing, transmitting, and using electronic data used to conduct computer or Internet-based communications, or which contains material or data, obtained through computer or Internet-based communications, including data in the form of electronic records, documents and materials, including those used to facilitate interstate communications, included but not limited to telephone (including mobile telephone) and Internet Service Providers. Included within this paragraph is any information stored in the form of electronic, magnetic, optical, or other coding, on computer media, or on media capable of being read by a computer or computer-related equipment, such as thumb drives, flash drives, SD (secure digital) cards, fixed disks, external hard disks, removable hard disk cartridges, CDs, DVDs, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, laser disks, or other memory storage devices.

**Computer and Internet Records**

9. Records of personal and business activities relating to the operation and ownership of the computer systems, such as telephone records, notes (however and wherever written, stored or maintained), books, notes, and reference materials.

28

10. Any records or documents pertaining to accounts held with Internet Service Providers or of Internet use.

11. Records of address or identifying information for the target of the investigation and any personal or business contacts or associates of his, (however and wherever written, stored or maintained), including contact lists, buddy lists, email lists, ICQ addresses, IRC names (a.k.a., "Nics"), user ID's, eID's (electronic ID numbers) and passwords.

12. Documents and records, in any form or format, regarding the identity of any person utilizing phone numbers 607-944-6067 and 607-423-3826.

**Materials Relating to Enticement of a Minor**

13. Any and all visual depictions of Minor Victim 1 ("MV1") including, but not limited to, sexually explicit images of MV1.

14. Any visual depictions of a minor engaged in sexually explicit conduct, as defined by Title 18, United States Code, Section 2256, and any visual depictions involving children that are sexually suggestive or in which children are partially or fully nude.

15. Records concerning the creation or possession of visual depictions of sexually explicit conduct involving a child and evidence of how any such visual depiction(s) were created or possessed, including evidence of what device(s) was used to create/possess the visual depiction(s) and who was responsible for the creation/possession, including evidence of attribution for any device(s) used to create/possess such material.

16. Records evidencing a sexual interest in children and/or child pornography, including an interest in visual depictions of child sexual abuse; any and all chats, chat logs, emails, and other text documents, describing or relating to sexually explicit conduct with children; as well as fantasy writings regarding, describing, or showing a sexual interest in children.

17. Any and all notebooks and any other records reflecting personal contact, communication with, or any other activities with minors.

18. Evidence of chat communications between the device's operator and MV1 or the undercover law enforcement officer, to include images that were exchanged.

19. Records evidencing intent, knowledge, or plan to create and/or possess visual depictions of any child, including MV1, engaged in sexually explicit conduct and/or to travel or transport a minor with intent to engage in criminal or illicit sexual activity, and/or to coerce, persuade, or entice a minor into engaging in unlawful sexual activity.

20. Records evidencing that David Pastorello used a facility of interstate commerce, including the internet or a mobile communication device and/or application, to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity that would violate federal law or the laws of the state of New York.

As used above, the terms "records" include all forms of creation or storage, including any form of computer or electronic storage (such as hard discs or other media that can store data).

This authorization includes the digital extraction of data from the item listed in Attachment A-2 and authorizes a review of the device and electronically stored information seized or copied pursuant to this warrant to locate evidence, fruits, and instrumentalities described in the warrant. The review of this electronic evidence data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

During the search of the device described in Attachment A-2, photographs may be taken to record the condition thereof.